IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RON ROSS,<br><br>        Plaintiff,<br><br>vs.<br><br>JOHN BARTLE, ROBERT L. RYNARDSR., DANA WADMAN-HUTH, REBECCA BARTLE, DANE STARBUCK, RYNARD ENTERPRISES, INC., BVM MANAGEMENT, INC., BETHANY VILLAGE APARTMENTS, INC., BETHANY VILLAGE APARTMENTS - NEW CASTLE, INC., AMERICARE COMMUNITIES, LLC, AND BVM LAKESHORE, LLC,<br><br>        Defendants. | 8:16CV453<br><br>MEMORANDUM AND ORDER |
| RON ROSS, chapter 11 Trustee,<br><br>        Plaintiff,<br><br>vs.<br><br>BARTLE, et al.,<br><br>        Defendants. | Case No. A16-8024 |
| IN RE:<br><br>SKYLINE MANOR, INC.,<br><br>        Debtor, | Case No. BK14-80934<br>Chapter 11 |

This matter is before the Court on the Motion for Leave to Appeal (ECF No. 3), filed by Defendant Dane Starbuck ("Starbuck"). Plaintiff Ron Ross, Chapter 11 Trustee of Skyline Manor, Inc. ("Trustee") filed an Objection (ECF No. 4) to the Motion for

Leave. For the reasons stated below, the Motion for Leave to Appeal will be denied and this matter will be dismissed.

## BACKGROUND

Debtor Skyline Manor, Inc. ("Skyline Manor") is a non-profit company that generally provides housing and care for seniors. On May 8, 2014, Skyline Manor filed its voluntary petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code. On May 30, 2014, the United States Bankruptcy Court for the District of Nebraska (the "Bankruptcy Court") entered its order appointing the Trustee in the bankruptcy case.

On May 6, 2016, the Trustee filed a complaint against Starbuck and other defendants. In the adversary proceeding, the Trustee alleged that the defendants other than Starbuck breached their fiduciary duties to Skyline Manor by (i) causing Skyline Manor, Inc., to fail to pay payroll taxes; (ii) causing Skyline Manor to make payments to entities related to Defendant John Bartle ("Bartle"); (iii) seeking to recover unauthorized monetary distributions from individual members of the Skyline Manor board of directors; and (iv) making fraudulent transfers. The Trustee also alleged that Starbuck, as general counsel to Skyline Manor, was negligent in failing to render legal advice regarding Skyline Manor's need to pay payroll taxes, and failing to render legal advice regarding various monetary transfers to the Bartle-related entities and the individual board of directors.

On July 7, 2016, Starbuck timely filed a motion to dismiss the adversarial proceeding pursuant to Fed. R. Civ. P. 12(b)(6). On September 6, 2016, after a hearing on the matter, the Bankruptcy Court denied Starbuck's motion to dismiss. The

Bankruptcy Court also gave leave to the Trustee to amend the complaint in the adversarial proceeding to clarify certain issues. On September, 29, 2016, Starbuck filed this Motion for Leave to Appeal in the Bankruptcy Court. On October 3, 2016, the Trustee filed his amended complaint. (ECF No. 4, Page ID 196-306.)

## DISCUSSION

District courts have jurisdiction to hear appeals from final orders of the bankruptcy courts, and discretion to hear appeals from interlocutory orders. 28 U.S.C. § 158(a)(1), (3); *see also Big Mac Marine, Inc. v. Jensen*, 305 B.R. 309, 311 (D. Neb. 2004). Starbuck does not dispute that the order he seeks to challenge on appeal is not a final order of the bankruptcy court. "A party may only appeal an interlocutory order by filing both a notice of appeal and a motion for leave to appeal with the clerk of the bankruptcy court." *In re Coleman Enterprises, Inc.*, 275 B.R. 533, 537–38 (B.A.P. 8th Cir. 2002). Starbuck has complied with these requirements and this Court must determine whether to consider Starbuck's interlocutory appeal. The Court concludes that consideration of the appeal is premature because (1) the Trustee filed an amended complaint meant to address Starbuck's concerns over the original complaint, and (2) Starbuck failed to demonstrate that an interlocutory appeal will advance the ultimate determination of the litigation.

### 1.  Trustee's Amended Complaint

At the hearing on Starbuck's motion to dismiss, the Bankruptcy Court reasoned that the pleading standard for trustees in bankruptcy is relaxed, and concluded that the Trustee pled all that was necessary to survive a motion to dismiss. (*Ross et al v. Bartle et al.*, BK Case No. 16-08024-TLS, ECF No. 60, Audio Recording of Hearing at 15:21-

15:31.) Nevertheless, the Bankruptcy Court agreed that Starbuck and other defendants needed more information about specific transfers in dispute in order to defend against the Trustee's claims. (*Id.* at 15:52-16:01.) Accordingly, the Bankruptcy Court permitted the Trustee to amend his complaint to allege specific facts about the transfers in question and to address other concerns raised in Starbuck's motion to dismiss. (*Id.* at 16:43-17:21.) The Bankruptcy Court ordered the Trustee to file an amended complaint on or before September 27, 2016. (*Id.* at 17:45-50.) On September 19, 2016, several days before the deadline for Trustee's amended complaint, Starbuck filed his Notice of Appeal and Motion for Leave to Appeal the Bankruptcy Court's denial of Starbuck's motion to dismiss. The Trustee has since filed his Amended Complaint. (*Ross et al v. Bartle et al.*, BK Case No. 16-08024-TLS, ECF No. 65.)

The Court will not grant leave to appeal because the Bankruptcy Court has not considered the sufficiency of the Trustee's Amended Complaint. On appeal, "where circumstances have changed between the ruling below and the decision on appeal, the preferred procedure is to remand to give the district court an opportunity to pass on the changed circumstances" *Concerned Citizens of Vicksburg v. Sills*, 567 F.2d 646, 649–50 (5th Cir. 1978) (quotation marks and citations omitted); *see also Phelps-Roper v. Troutman*, 712 F.3d 412, 416 (8th Cir. 2013) (citing *Concerned Citizens of Vicksburg* as the normal course of action on appeal). The Bankruptcy Court granted leave to amend for the express purpose of addressing the deficiencies in the original complaint. The Trustee complied and filed his Amended Complaint. Thus, the original complaint at issue on appeal is no longer the operative complaint in the adversary proceeding. Starbuck nevertheless argues in his Reply Brief that "[t]he allegations in the Amended

Complaint do not correct the deficiencies in Plaintiff's claims against Starbuck." (ECF No. 5, PageID 311.) Starbuck provides no argument as to why this Court should address the sufficiency of the Amended Complaint, specifically ordered to address the Defendants' concerns, before the Bankruptcy Court has had an opportunity to do so. Accordingly, the Motion for Leave to Appeal will be denied.

### 2. Discretion to Hear Interlocutory Appeal

A district court or Bankruptcy Appellate Panel ("BAP") may grant leave to hear an appeal if "a question will be important enough that it should be addressed immediately." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1695 (2015) (citing 28 U.S.C.A. § 158(a)(3)). "Leave to grant review of interlocutory appeals should be sparingly granted, and then only in exceptional cases." *In re Lewis & Clark Apartments, LP*, 479 B.R. 47, 52 (B.A.P. 8th Cir. 2012). "A decision to deny leave to appeal an interlocutory order is purely discretionary." *Id.* at *In re Coleman Enterprises*, 275 B.R. at 538. When determining whether to grant leave to appeal an interlocutory bankruptcy order, courts have looked to the standards found in 28 U.S.C. § 1292(b), which guide interlocutory appeals to the circuit courts. *See In re M&S Grading, Inc.*, No. 8:07CV244, 2007 WL 2580694, at *2 (D. Neb. Sept. 4, 2007); *Big Mac Marine, Inc. v. Jensen*, 305 B.R. 309, 311 (D. Neb. 2004); *In re Machinery, Inc.*, 275 B.R. 303, 306 (8th Cir. BAP 2002); *In re Coleman Enters., Inc.,* 275 B.R. at 538. To grant leave to appeal, "[s]ection 1292(b) requires that: (1) the question involved be one of law; (2) the question be controlling; (3) there exists a substantial ground for difference of opinion respecting the correctness of the [bankruptcy] court's decision; and (4) a finding that an immediate appeal would

materially advance the ultimate termination of the litigation." *In re Machinery, Inc.,* 275 B.R. at 306 (citing 28 U.S.C. § 1292(b)).

This is not one of the exceptional cases in which leave to file an interlocutory appeal should be granted. Each of the questions to be presented on appeal involves application of extensive factual allegations as applied to various legal principles. Thus, there is no controlling issue of law on which there is a substantial ground for difference of opinion. Further, because the Trustee complied with the Bankruptcy Court's order and amended its complaint, Starbuck failed to show the appeal of the Bankruptcy Court's order will materially advance the ultimate determination of the litigation. Accordingly,

IT IS ORDERED:

1. The Motion for Leave to Appeal (ECF No. 3), filed by Defendant Dane Starbuck, is denied;

2. The Objection to the Motion for Leave (ECF No. 4), filed by Plaintiff Ron Ross, Chapter 11 Trustee of Skyline Manor, Inc., is sustained;

3. This case is dismissed; and

4. A separate judgment will be entered.

Dated this 7th day of November, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge