IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| SKYLINE MANOR, INC., a Nebraska nonprofit corporation, | ) | CASE NO. BK14-80934 |
| | ) | A16-8024 |
| | ) | |
| Debtor(s). | ) | |
| RON ROSS, Chapter 11 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 11 |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN BARTLE; ROBERT L. RYNARD, SR.; | ) | |
| DANA WADMAN-HUTH; REBECCA | ) | |
| BARTLE; DANE STARBUCK; RYNARD | ) | |
| ENTERPRISES, INC., a/k/a RYNARD | ) | |
| ENTERPRISES, LLC; BVM MANAGEMENT, | ) | |
| INC., a/k/a BETHANY VILLAGE | ) | |
| MANAGEMENT; BETHANY VILLAGE | ) | |
| APARTMENTS, INC.; BETHANY VILLAGE | ) | |
| APARTMENTS - NEW CASTLE, INC.; | ) | |
| AMERICARE COMMUNITIES III, LLC; and | ) | |
| BVM LAKESHORE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

FINDINGS AND RECOMMENDATIONS
TO THE UNITED STATES DISTRICT COURT

This matter is before the court on the motion by defendants John Bartle, Rebecca Bartle, Robert Rynard, Sr., BVM Management, Inc., a/k/a Bethany Village Management, Bethany Village Apartments, Inc., Bethany Village Apartments - New Castle, Inc., Americare Communities III, LLC, BVM Lakeshore, LLC, and Rynard Enterprises, Inc., a/k/a Rynard Enterprises, LLC, to withdraw the reference of this adversary proceeding (Fil. No. 82), and the response by the trustee (Fil. No. 86). Howard T. Duncan represents the movants, and T. Randall Wright and Brandon R. Tomjack represent the plaintiff.

The debtor in this case is a nonprofit corporation operating a "continuing care community" with facilities for independent living, assisted living, and skilled care. It filed a Chapter 11 bankruptcy petition on May 8, 2014, and operated as a debtor in possession. However, the bankruptcy court subsequently found cause, including gross mismanagement of the debtor and conflicts of interest between the debtor's operating officers and certain vendors, to appoint Ron Ross

Case 16-08024-TLS Doc 87 Filed 02/15/17 Entered 02/15/17 11:39:55 Desc Main Document Page 2 of 4

as trustee of the debtor's bankruptcy estate. On May 6, 2016, the trustee filed this adversary proceeding against certain current and former officers and directors of the debtor, certain entities related to those officers and directors, the debtor's former general counsel, and certain entities related to the debtor. This lawsuit seeks to avoid allegedly fraudulent transfers and recover the proceeds for the benefit of the bankruptcy estate; recover money damages for breach of fiduciary duties, waste, violation of applicable standards under the Nebraska Nonprofit Corporation Act, and legal malpractice; and recover certain unauthorized distributions of the debtor's funds from the debtor's directors. Most of the defendants now move to have the adversary proceeding withdrawn from the bankruptcy court and tried in the district court.

The movants filed this motion to withdraw the reference of this adversary proceeding under 28 U.S.C. § 157(d) for cause because the trustee's claims involve "non-core" matters which require adjudication of state-law claims. These causes of action are not created by any provision of the Bankruptcy Code and they would exist outside of the bankruptcy case. Essentially, the movants are raising the question of the bankruptcy court's authority to decide this adversary proceeding under *Stern v. Marshall*, 564 U.S. 462 (2011).

The United States District Court for the District of Minnesota has addressed the issue of withdrawal of the reference for *Stern* questions, and its explanation is applicable here:

> Under the bankruptcy statutes:
> [T]he district courts of the United States have "original and exclusive jurisdiction of all cases under title 11." Congress has divided bankruptcy proceedings into three categories: those that "aris[e] under title 11"; those that "aris[e] in" a Title 11 case; and those that are "related to a case under title 11." District courts may refer any or all such proceedings to the bankruptcy judges of their district . . . . District courts also may withdraw a case or proceeding referred to the bankruptcy court "for cause shown."
>
> *Stern v. Marshall*, 131 S. Ct. 2594, 2603 (2011) (quoting 28 U.S.C. §§ 1334(a), 157(a), (d)). In this District, all bankruptcy cases and proceedings are automatically referred to the bankruptcy judges. Bankruptcy Local Rule 1070–1.
>
> Bankruptcy judges may hear and enter final judgments in "all core proceedings arising under title 11, or arising in a case under title 11." "Core proceedings include, but are not limited to" 16 different types of matters . . .
>
> *Stern*, 131 S. Ct. at 2603–04 (quoting 28 U.S.C. §§ 157(b)(1), (b)(2)(C), 158).
>
> When a bankruptcy judge determines that a referred "proceeding . . . is not a core proceeding but . . . is otherwise related to a case under title 11," the judge may only "submit proposed findings of fact and conclusions of law to the district court." It is the district court that enters final judgment in such cases after reviewing de novo any matter to which a party objects.
>
> *Id.* at 2604 (quoting 28 U.S.C. § 157(c)(1)).

In *Stern v. Marshall*, the Supreme Court held that section 157(b)'s grant of authority to a bankruptcy court to "hear and determine . . . and . . . enter appropriate orders and judgments," on "counterclaims by the estate against persons filing claims against the estate," violated Article III of the United States Constitution when the state law claims would not be "completely resolved in the bankruptcy process of allowing or disallowing claims." 131 S. Ct. at 2611. Therefore, "some claims labeled by Congress as 'core' may not be adjudicated by a bankruptcy court in the manner designated by § 157(b)." *Exec. Benefits Ins. Agency v. Arkison (In re Bellingham)*, 134 S. Ct. 2165, 2172 (2014).

*In re Bellingham*, decided by the Supreme Court in June 2014, explained that if a so-called *Stern* claim "satisfies the criteria of § 157(c)(1)" in that it is "related to a case under title 11," then "the bankruptcy court simply treats the claims as non-core: The bankruptcy court should hear the proceeding and submit proposed findings of fact and conclusions of law to the district court for de novo review and entry of judgment." 134 S. Ct. at 2173.
. . .

Defendants' motion to withdraw the reference to the bankruptcy court in this case is based on 28 U.S.C. § 157(d), which states:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d) (emphasis added). The statute does not define "cause," but generally, district courts have "broad discretion in determining whether to withdraw a matter from the bankruptcy court." *Enviro–Scope Corp. v. Westinghouse Elec. Corp.*, 57 B.R. 1005, 1008 (E.D. Pa. 1985). In deciding whether to withdraw a reference, the Court considers factors such as whether the claim is core, the efficient use of judicial resources, the delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and the presence of a jury demand. *See In re H & W Motor Express Co.*, 343 B.R. 208, 214 (N.D. Iowa 2006) (Reade, J.).

*Kelley v. Opportunity Fin., LLC*, Civil Case No. 14-3375 MJD, 2015 WL 321536, at *1–2 (D. Minn. Jan. 26, 2015).

In addition to this court's inability to enter a final judgment on the issues raised in this adversary proceeding absent consent of the parties because of the state-law, non-core claims, the movants have demanded a jury trial. The United States Supreme Court has made it clear that a person who has not submitted a claim against a bankruptcy estate has a right to a jury trial when

sued by the trustee in bankruptcy to recover an allegedly fraudulent monetary transfer. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 36 (1989). Federal Rule of Bankruptcy Procedure 9015(a) makes Federal Rule of Civil Procedure 38 applicable in bankruptcy cases and proceedings. Federal Rule of Civil Procedure 38(a) preserves the right to a trial by jury as declared by the Seventh Amendment to the United States Constitution. Under federal law, bankruptcy courts can conduct jury trials only "with the express consent of all the parties." 28 U.S.C. § 157(e). Here, the parties have not consented, nor, in this district, is the bankruptcy court equipped to conduct jury trials.

The plaintiff does not object to the withdrawal of the reference of this case.

Accordingly, I respectfully recommend to the United States District Court for the District of Nebraska that the motion to withdraw the reference of this adversary proceeding (Fil. No. 82) be granted.

DATED:  February 15, 2017.

Respectfully submitted,

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
   *Howard T. Duncan
   T. Randall Wright
   Brandon R. Tomjack
   U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.